UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARVON BROWN,

    Plaintiff,

v.

THOMAS MACKEY,
SMILEY, and
WENDY BRINKLEY,

    Defendants.

Case No. 17-cv-11073
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Jarvon Brown is a prisoner in a Michigan Department of Corrections facility. He asserts that he has been permanently denied phone access and asks this Court to temporarily restrain and preliminarily enjoin this denial. (R. 1.)

Brown's request is not yet properly before this Court. Brown has filed a "Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining and Preliminary Injunction"—and that is all he has filed. Yet "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see also Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("The Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action."). Absent a complaint, this Court cannot grant Brown the relief he requests. *Luna v. Ford Motor Co.*, No. 306-0658, 2007 WL 837237, at *2 (M.D. Tenn. Mar. 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *P.K. Family Restaurant v. Internal Revenue Service*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) ("Absent a complaint, [district court] lacks jurisdiction to entertain plaintiff's petition for injunctive relief."). To be sure, the Court must

liberally construe Brown's *pro se* filing. *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). But a review of his memorandum suggests that Brown possesses the legal know-how to properly initiate a lawsuit. (*See* R. 1.) Accordingly, Brown should do so.

This case is DISMISSED WITHOUT PREJUDICE.[1]

SO ORDERED.

Dated: April 21, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2017.

s/Keisha Jackson
Case Manager

---

[1] Even if this Court were to construe Brown's memorandum as a complaint, there is at least one other defect, and probably two, that would keep the Court from proceeding. First, Brown has not paid the filing fee in this case nor properly sought to proceed without prepayment of the filing fee. Second, Brown is incarcerated at the Oaks Correctional Facility in Manistee, Michigan and Manistee is not in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(b) ("The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action.").